# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
v.
RICARDO JONES
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 08-30334

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is 31 years old, single, and lives in the home he grew up in with his mother, his girlfriend, his two sisters, and five children. Defendant has four other siblings that live in Detroit, but he has virtually no contact with them. Defendant has been working at a party store part time on and off since 2002, but believes he no longer will have that job since he has been locked up in jail for the past two weeks. The only other activity in which he involves himself is freelance airbrushing and tattooing out of the home. He has no other employment experience. (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 31, 2008 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA KL. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant admits to being a daily user of marijuana since the age of 20.

His criminal history begins at the age of 18 (1995), when he was charged with felony arson. The charges were reduced and he was found guilty of a misdemeanor charge of Preparation to Burn Real Property More than $50 and received three years probation.

At the age of 21 (1999) Defendant was charged with Felony Controlled Substances (Del/Mfg under 50 grams) and on October 11, 2001 was found guilty and sentenced to lifetime probation.

The next month, November 2001, Defendant, age 24, was charged with Felony Controlled Substance (Del/Mfg Less than 50 grams) and on April 12, 2002 was found guilty and sentenced to one year probation. However, because he violated his conditions of probation, he was not discharged from probation until August 14, 2003.

On December 17, 2002, while Defendant was on multiple probations, he was again charged with Felony Controlled Substance (Cocaine Less than 25 grams) and on February 27, 2003 was found guilty and sentenced to 2 years probation. Defendant's probation was extended, due to lack of progress, and on April 25, 2005, Defendant was discharged Without Improvement.

On April 24, 2004 (age 26) Defendant was charged with Felony Dangerous Drugs. A warrant was requested in that matter because Defendant failed to appear.

A misdemeanor Domestic Violence charge was lodged in April, 2005 (age 27) and Defendant was found guilty on August 1, 2005 and sentenced to 6 months probation. Defendant denies that he is the person charged and tried in this matter.

On July 2, 2005 (age 27) Defendant was charged with Felony Controlled Substance (Del/Mfg Less than 50 grams) and on August 3, 2005 he was found guilty and sentenced to 12 months custody.

Defendant has been a felon since the age of 18. He has been convicted of no less than six felonies, with some of them charged while serving two probation sentences concurrently for two separate convictions. When Defendant was apprehended and arrested on July 9, 2008 he was found in the street, in traffic, talking to someone in a car that was stopped at the curb, with a knife in his pocket and a loaded handgun in his waist band. A one time convicted felon knows that it is a federal offense to carry a weapon; a six time convicted felon knows this even better.

Defendant may qualify for career offender status under the statute which may result in a mandatory minimum of 15 years. Nothing in his criminal career has deterred him from continuing his constant and steady course of criminal activity. He incurred criminal charges which lead to convictions while already being on probation from previous convictions. He was discharged from probation in 2005 "without improvement". This Court adopts the findings and

recommendations of the Pretrial Services report and the conclusions that "prior law enforcement supervision has failed to curtail the defendant's behavior".

This court has no basis to concluded that Defendant would comply with any conditions of bond. Third party custody to his mother is not appropriate, as he has resided with his mother at this residence since the age of two, and his conduct has merely escalated over the years. He is a daily user of marijuana, and continues to be involved with drugs and now weapons.

This Court finds that there are no conditions of bond that would assure this Defendant's appearance in Court or that would assure the safety of the community. Detention is Ordered.